(C.D. 3927)

Bruce Duncan Co., Inc., a/c Adjust-A-Lite Butane Corp. *v.*
United States

United States Customs Court, First Division

(Decided November 20, 1969)

*Stein & Shostak* (*S. Richard Shostak* and *Arthur E. Schwimmer* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Bernard J. Babb* and *Robert Blanc*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

WATSON, Judge: Certain imported butane lighter cartridges invoiced as butane lighter tanks, were classified as parts of cigarette lighters, and assessed with duty at the rate of 50 per centum ad valorem as provided in item 756.15 of the Tariff Schedules of the United States.

In protesting that assessment, plaintiff claims that the merchandise at bar is entitled to free entry as the usual transportation containers for butane, by virtue of item 475.15 and General Headnote 6(b)(i) of the TSUS.

The pertinent provisions of the statutes in issue read as follows:

Classified under:

> Cigar and cigarette lighters (* * *), and parts thereof:

> \*　　\*　　\*　　\*　　\*　　\*　　\*

756.15　　Parts _____　50% ad val.

General Headnote 10(ij):

> (ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

Claimed under:

475.15　　* * * butane * * * _____　Free

General Headnote 6:

6. Containers or Holders for Imported Merchandise. For the purposes of the tariff schedules, containers or holders are subject to tariff treatment as follows:

> \*　　\*　　\*　　\*　　\*　　\*　　\*

(b) Not Imported Empty: Containers or holders if imported containing or holding articles are subject to tariff treatment as follows:

> (i) The usual or ordinary types of shipping or transportation containers or holders, if not designed for or capable of, reuse, are not subject to treatment as imported articles. Their cost, however, is, under section 402 or section 402a of the tariff act, a part of the value of their contents and if their contents are subject to an ad valorem rate of duty such containers or holders are, in effect,

dutiable at the same rate as their contents, except that their cost is deductible from dutiable value upon submission of satisfactory proof that they are products of the United States which are being returned without having been advanced in value or improved in condition by any means while abroad.

(ii) The usual or ordinary types of shipping or transportation containers or holders, if designed for, or capable of, reuse, are subject to treatment as imported articles separate and distinct from their contents. Such holders or containers are not part of the dutiable value of their contents and are separately subject to duty upon each and every importation into the customs territory of the United States unless within the scope of a provision specifically exempting them from duty.

The record consists of the testimony of three witnesses called by the plaintiff and five exhibits, four submitted by the plaintiff and one by the defendant.

Plaintiff called as its first witness, Miss Sandra Wolf, an employee of plaintiff, Adjust-A-Lite Butane Lighter Corp. Miss Wolf identified plaintiff's exhibit 1 as illustrative of the merchandise at bar, a butane cartridge. She testified that the cartridge was imported from Holland, and in its imported condition was filled with butane under pressure. It was further stated that the butane is transported in the cartridge from Holland to the United States and thence into domestic commerce. The filled cartridges are sold at retail both with cigarette lighters and separately. The cartridges are not reusable and are discarded when the butane has been consumed.

On cross-examination, Miss Wolf testified that the cartridge is inserted into a lighter in order that the lighter may become operable. Without the particular cartridge, the lighter would not work.

During this cross-examination, defense submitted defendant's exhibit A which was identified by the witness as a cigarette lighter which would use plaintiff's exhibit 1.

Miss Wolf stated that the imported merchandise is designed to fit into the lighters exemplified by defendant's exhibit A and that she knows of no other use for said merchandise except in conjunction with exhibit A.

On redirect, Miss Wolf identified plaintiff's exhibit 2 as a container of butane to refill a cartridge or a lighter. Its purpose is to put butane into another cartridge when the other cartridge is empty.

Plaintiff called Mr. Sidney L. Friedlander as its second witness. Mr. Friedlander is an engineering consultant for a firm doing research in electronic and gas analysis. He identified plaintiff's exhibit 1 as a fuel tank containing butane under pressure, and identified plaintiff's exhibit 2 as a liquid petroleum fuel tank differing only physically in size and shape from exhibit 1.

During the years 1961–63, this witness was involved in the selling of cigarette lighters. He stated that the cartridge at bar could be used as a small soldering torch or to keep things warm like a small can of sterno, or as a mantle lamp. He has used exhibit 2 to refill storage tanks in cigarette lighters and a similar tank as a soldering torch. He stated that while it would be possible to refill the butane cartridges, it would not be financially feasible to do so.

On cross-examination, Mr. Friedlander testified that he had not seen the imported merchandise sold commercially for any use other than in connection with cigarette lighters. On redirect examination, Mr. Friedlander identified plaintiff's exhibit 3 as an empty butane tank, and plaintiff's exhibit 4 as a cooker and lantern combination using butane fuel. He further testified that he had never seen plaintiff's exhibit 1 used for any purpose other than with a cigarette lighter.

Plaintiff called, as its third witness, Mr. Charles Fleischman, a former commodity specialist, who stated that he was an examiner of chemicals and has advisorily classified butane in tanks under pressure, such as plaintiff's exhibit 2, as butane in usual containers.

The question before the court is whether the imported butane cartridges are properly classified as parts of lighters under item 756.15 or whether they should be admitted free under item 475.15 as usual transportation containers for butane.

Plaintiff contends that since the cartridges were imported with their contents, they are the ordinary and usual transportation containers for butane, and since they are not capable of reuse they should be classified under the provision for butane as provided for in General Headnote 6(b)(i), *supra*.

While it seems clear from the record that the cartridges are containers for butane, they are not the "usual" containers which General Headnote 6(b)(i) and (ii) envisions. It is apparent that the primary function of the cartridge is as a part of a cigarette lighter. The cartridge fits exactly into the body of the lighter. It has a recess in the top so that the part of the lighter which contains the flint can be placed over the cartridge, the flint fitting into the recess. The valve on the cartridge is located in such a position that when the top of the lighter is closed, the valve is covered to prevent leakage, and when the lighter is opened a turn of the wheel will ignite the butane and the lighter becomes operable.

As was pointed out in *Gallagher & Ascher Company* v. *United States*, 52 CCPA 11, C.A.D. 849 (1964), "whether a given article constitutes a part of another article depends upon the nature of the so-called part and * * * on the function and purpose of the so-called part in its relation to the article to which it attaches or with which it is designed to serve." See also e.g. *Border Brokerage Company, Inc.*

v. *United States*, 58 Cust. Ct. 240, C.D. 2948 (1967). In this connection, "it is of course obvious that if an item is dedicated solely for use on a particular article and is essential to the functioning of that article, it is *a fortiori* a 'part' of that article." *Mattel, Inc.* v. *United States*, 61 Cust. Ct. 75, C.D. 3531, 287 F. Supp. 999, 1004, N. 5 (1968), and cases cited.

In applying the facts of the instant case as brought out in the record, it is obvious that the butane cartridge is a part of a cigarette lighter. As Miss Wolf testified, the sole purpose of the cartridge is to serve as a container of fuel for the lighter. It is designed to fill the lighter and without it the lighter would not and could not function.

Indeed this was the view taken by this court in *Air Clearance Ass'n, Inc., Westro, Inc.* v. *United States*, 37 Cust. Ct. 138, C.D. 1813 (1956), wherein metal tanks or cartridges for lighters, made to hold butane were held to be properly classified as parts of lighters. Plaintiff seeks to avoid the controlling influence of *Air Clearance* by asserting that there the tanks were not imported with fuel and therefore the question of usual containers was not raised. But, it seems clear that the fact that the tanks did not contain fuel when imported, did not affect the decision in the case, and consequently we consider the contrary fact of filled containers here, to be equally without significance.

The evidence plainly reveals that without the cartridge the lighter cannot function. Thus, no matter what argument plaintiff might advance about the cartridges being usual shipping containers for butane under General Headnote 6(b)(i), *supra*, it still has not overcome the burden of proving that the district director's classification of the cartridges as parts of cigarette lighters was incorrect. *Yardley & Co. Ltd., et al.* v. *United States*, 41 CCPA 85, C.A.D. 533 (1953).

We find corroborative support for the classification in the "Brussels Nomenclature" which exerted a great influence on the Tariff Commission in arranging the tariff schedules (see Submitting Report, Nov. 15, 1960). Section 98.10 of that document states that whether full or empty, fuel reservoirs are to be considered as parts of lighters. Section 98.10 reads as follows:

MECHANICAL LIGHTERS AND SIMILAR LIGHTERS INCLUDING CHEMICAL AND ELECTRICAL LIGHTERS, AND PARTS THEREOF, EXCLUDING FLINTS AND WICKS.

This heading includes:

\*  \*  \*  \*  \*  \*  \*

The heading also includes identifiable parts of lighters (e.g. outer casings, milled-edged wheels, empty or full fuel reservoirs) \* \* \*.

Finally, plaintiff has argued that even assuming the butane lighter tanks constitute "parts" of lighters, they are still classifiable as "butane" by virtue of headnote 10(ij), *supra*. We find this argument to

be without merit. Headnote 10(ij) states that a part provision does not prevail over a specific provision for such part. We have no specific provision here for butane lighter tanks, and to fall within the *eo nomine* provision for butane under item 475.15, the tanks would have to be usual transportation containers as envisioned under General Headnote 6(b)(i). However, as we have clearly established, these cartridges are not "usual" containers and do not come under the provision of headnote 6(b)(i), *supra*.

In view of the foregoing consideration, we hold that butane lighter tanks, imported containing butane fuel, are parts of lighters within the intendment of item 756.15 of the Tariff Schedules of the United States as classified by the district director.

The claim in the instant protest is overruled. Judgment will be entered for the defendant.